IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN SANTOS, | : | CIVIL NO.: 3:16-cv-00465 |
|     Plaintiff, | : | |
| | : | |
| v. | : | (Judge Caputo) |
| | : | (Magistrate Judge Saporito) |
| EVANGELINA KLAPAKIS, | : | |
| et al., | : | |
|     Defendants. | : | |

## REPORT AND RECOMMENDATION

I.  Background

The plaintiff, Juan Santos ("Santos"), filed a mandamus complaint on March 17, 2016 (Doc. 1), requesting that the court grant a petition for a visa to his wife. (Doc. 1 at 8). He asks that he be awarded damages for the delay by the United States Citizenship and Immigration Service in adjudicating his petition. The defendant, United States of America, filed the instant motion to transfer the complaint to the United States District Court for the Eastern District of Pennsylvania. (Doc. 9). When Santos did not file a brief in opposition to the motion for transfer, on June 17, 2016, we ordered that he file a brief in opposition to the defendants' motion to transfer on or before July 8, 2016. (Doc. 10). Further, we informed him that his failure to file a brief in opposition would result in the motion

being deemed unopposed. (Id.). On July 1, 2016, Santos filed a motion for assignment of counsel. (Doc 12). Within his motion for the assignment of counsel, he acknowledges the defendants' motion to transfer and states that he does not know whether the motion will benefit his interest or hamper his efforts in pursuing the matter. (Id., at 1). In his motion for assignment of counsel, Santos opposes the transfer to the Eastern District in that it would make it more difficult for him to make the trip there because he does not own a vehicle and the bus trip to that district is more costly and time consuming. (Id.) Therefore, we will construe Santos motion for assignment of counsel to include it as his brief in opposition to the motion to transfer.

II. FACTS

Santos brought this action against Evangelina Klepakis, District Director of the U.S. Citizenship and Immigration Services, the United States Citizenship and Immigration Services ("USCIS") and Donna Carr, the Chief Clerk of the Board of Immigration Appeals (BIA). The complaint was filed pursuant to 28 U.S.C. §1331, et seq., concerning a petition for alien relative filed December 10, 1997, on behalf of Santos' wife, Eugenia Judith Vallencilla, Case #A073-656-364. (Doc. 1 at 5). In addition, Santos

alleged that in or around May 2004, the USCIS denied the Petition, and that on June 21, 2010, the BIA ordered that the matter be remanded to the Director for further consideration and entry of a new decision. (Id.)

A notice of decision by defendant Klapakis, dated October 6, 2010, denied the petition for visa based upon the Adam Walsh Child Protection Act of 2006. (Id. at 7).

On November 5, 2010, Santos mailed a notice of appeal to the district office in Philadelphia, Pennsylvania (Id.). On September 8, 2011, BIA advised of its receipt of the appeal and that a decision would be forthcoming. (Id.) On February 22, 2012, Santos received the decision of the BIA that remanded the record back to the Director of the district office. As of the filing of the motion to transfer, the Director has not yet rendered a decision on the Petition.

At all times material hereto, Santos has resided at 1030 South Race Street, Allentown, Pennsylvania, which is within the Eastern District of Pennsylvania. In addition, the defendant Klapakis is listed as having an address in Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania. (Id. at 2). Finally, the defendant, Donna Carr, is alleged to live in Falls Church, Virginia. (Id.)

III. <u>DISCUSSION</u>

In actions brought under 28 U.S.C. §1331, <u>et seq.</u>, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. §1402(b). It is clear that Santos resides in the Eastern District of Pennsylvania at his alleged address set forth in the complaint—1030 South Race Street, Allentown, Pennsylvania. (Doc. 1 at1). The acts complained of occurred in Philadelphia, Pennsylvania, and Falls Church, Virginia.

The defendants maintain that this action should be transferred to the United States District Court for the Eastern District of Pennsylvania. "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). In his complaint, Santos alleged that his constitutional right to due process of law was violated by defendant Klapakis who maintains an address in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania, and by defendant Carr who is listed as having an address in Falls Church, Virginia. As Santos and his wife, and any likely potential witnesses and documents are located within the Eastern District of

Pennsylvania, the interest of justice and the convenience of the parties and witnesses dictate that Santos's action should be transferred to the United States District Court for the Eastern District of Pennsylvania.

IV.  <u>RECOMMENDATIONS</u>

For the reasons set forth above, it is recommended that the defendants' motion to transfer Santos's action to the United States District Court for the Eastern District of Pennsylvania be granted.

IT IS FURTHER RECOMMENDED that the disposition of Santos' motion for assignment of counsel (Doc. 12) be left to the transferee court's discretion.

<div align="right">

***<u>s/ Joseph F. Saporito, Jr.</u>***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

</div>

Dated: August 3, 2016


Pennsylvania, the interest of justice and the convenience of the parties and witnesses dictate that Santos's action should be transferred to the United States District Court for the Eastern District of Pennsylvania.

IV.  <u>RECOMMENDATIONS</u>

For the reasons set forth above, it is recommended that the defendants' motion to transfer Santos's action to the United States District Court for the Eastern District of Pennsylvania be granted.

IT IS FURTHER RECOMMENDED that the disposition of Santos' motion for assignment of counsel (Doc. 12) be left to the transferee court's discretion.

>                          ***<u>s/ Joseph F. Saporito, Jr.</u>***
>                          JOSEPH F. SAPORITO, JR.
>                          United States Magistrate Judge

Dated: August 3, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN SANTOS, | : | CIVIL NO.: 3:16-cv-00465 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Caputo) |
| | : | (Magistrate Judge Saporito) |
| EVANGELINA KLAPAKIS, | : | |
| et al., | : | |
| Defendants. | : | |

# NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 3, 2016.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a

*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

<div style="text-align: right">

***s/ Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

</div>

Dated: August 3, 2016